IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COREY LOVELL ARNOLD,

    Plaintiff,                      No. CIV S-08-2886 DAD P

    vs.

M. WILLIAMS, et al.,             ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  The matter is before the court on defendant Williams' motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff has filed an opposition to the motion and defendant has filed a reply.

**BACKGROUND**

        Plaintiff is proceeding on his original complaint against defendant Williams.  Therein, he alleges as follows.  On August 10, 2007, plaintiff moved from his cell to administrative segregation as a result of a disciplinary infraction charge brought against him.  Plaintiff left his property in his cell for defendant correctional officer Williams to "roll up."  However, defendant Williams failed to gather all of plaintiff's property and left some of his

/////

1

belongings behind in the cell to be stolen by others.  Plaintiff alleges that he lost personal property worth $400.00 as a result of defendant Williams' action.  (Compl. at 3 & Ex.)

Plaintiff claims that defendant Williams has violated his constitutional rights under the Fourteenth Amendment by depriving him of his personal property.  In terms of relief, plaintiff seeks monetary damages.  (Compl. at 3.)

## DEFENDANT'S MOTION TO DISMISS

I. Defendant's Motion

Counsel for defendant Williams argues that the court should dismiss this action because plaintiff's complaint fails to state a cognizable claim for relief.  Specifically, counsel argues that while an authorized, intentional deprivation of property is actionable under the Fourteenth Amendment, a deprivation that is not carried out according to state procedures, regulations, or statutes, such as that alleged here, is not actionable under § 1983 if the state provides an adequate post-deprivation remedy.  According to defense counsel, California provides an adequate post-deprivation remedy in such situations.  (Def.'s Mot. to Dismiss at 4-5.)

Counsel also argues that defendant Williams is entitled to qualified immunity. First, counsel argues that defendant Williams did not violate plaintiff's constitutional rights. Counsel asserts that for the same reasons set forth above, plaintiff cannot state a cognizable claim for an unauthorized deprivation of property.  Second, counsel contends that it would not have been clear to a reasonable officer in defendant Williams' position that his alleged failure to collect all of plaintiff's property violated any clearly established constitutional right.  (Def.'s Mot. to Dismiss at 6.)

II. Plaintiff's Opposition

In opposition to the pending motion to dismiss, plaintiff argues that defendant Williams failed to follow state protocol and is responsible for the loss of his property. Specifically, plaintiff argues that defendant Williams never brought him an inmate property slip to sign upon completing an inventory of his property.  According to plaintiff, had defendant

Williams brought him the property slip he could have reviewed it and informed the defendant that some of his property was missing.  However, plaintiff claims, defendant Williams failed to follow state regulations and procedures in this regard, resulting in plaintiff's loss of personal property.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1-5, Decl. & Attach.)

III. <u>Defendant's Reply</u>

In reply, counsel for defendant Williams reiterates that plaintiff cannot state a cognizable claim for relief based on an unauthorized deprivation of property since California law provides an adequate post-deprivation remedy for such a loss.   (Def.'s Reply at 2.)

**ANALYSIS**

I. <u>Legal Standards Applicable to a Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).  <u>See</u> <u>also</u> <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>,

1  395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations,
2  unreasonable inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643
3  F.2d 618, 624 (9th Cir. 1981).
4        In general, pro se pleadings are held to a less stringent standard than those drafted
5  by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe
6  such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).
7  However, the court's liberal interpretation of a pro se complaint may not supply essential
8  elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
9  266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).
10  II.  Discussion
11        The United States Supreme Court has held that "an unauthorized intentional
12  deprivation of property by a state employee does not constitute a violation of the procedural
13  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
14  postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).
15  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional
16  deprivations constitute actionable violations of the Due Process Clause.  An authorized
17  deprivation is one carried out pursuant to established state procedures, regulations or statutes.
18  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).
19        As defense counsel observes, plaintiff does not claim that the defendant Williams
20  mishandled his property pursuant to state procedures.  Quite the contrary.  Plaintiff contends that
21  defendant Williams either intentionally or negligently failed to follow state procedures during the
22  "roll up," resulting in plaintiff's loss of property.  As noted above, an unauthorized intentional
23  deprivation of property does not constitute a violation of the Due Process Clause because the
24  California Legislature has provided a remedy in the form of a tort claim against public officials in
25  California Government Code, §§ 900, et seq.  See Hudson, 468 at 533; Parratt v. Taylor, 451
26  U.S. 527, 543 (1981) (a prisoner alleging the deprivation of property as a result of agents' failure

1  to follow established state procedures failed to state a cognizable due process claim); <u>overruled
2  on other grounds by</u>, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986) (a prisoner alleging lack of due
3  care by state officials failed to state a due process claim because negligence does not "deprive"
4  an individual of life, liberty, or property for purposes of the Fourteenth Amendment).
5          Accordingly, plaintiff's complaint fails to state a cognizable claim for relief and
6  should be dismissed.[1]

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action; and

IT IS HEREBY RECOMMENDED that defendant's April 30, 2009 motion to dismiss (Doc. No. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 27, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
arno2886.57

---

[1] Counsel's argument that defendant Williams is entitled to qualified immunity also appears to be well-taken.  However, the court need not address that issue in light of the above recommendation.